IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


AMY MELISSA JESSEN                                                    PLAINTIFF


    v.                            CIVIL NO. 12-6049


CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Amy Melissa Jessen, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff protectively filed her current applications for DIB and SSI on May 20, 2009,

alleging an inability to work since December 1, 2007, due to lupus, depression and osteoarthritis.

(Tr. 108, 112, 140).  An administrative hearing was held on July 14, 2010, at which Plaintiff

appeared with counsel and testified. (Tr. 27-46).

By written decision dated October 19, 2010, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: chronic low back pain; possible fibromyalgia; and systemic lupus erythematosus. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b). (Tr.16). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a customer service representative, an adult aide teacher, and a learning resource center media clerk. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on February 15, 2012. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

-2-

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

-3-

economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.     Discussion:**

Plaintiff argues the following issues on appeal: 1) Plaintiff's meets the Listing for a

combination of impairments; 2) the ALJ erred in determining that Plaintiff's alleged mental

impairment was not severe; 3) the ALJ erred in determining Plaintiff's RFC; 4) the ALJ erred

in his credibility assessment of Plaintiff; and 5) the ALJ failed to propose a hypothetical to the

vocational expert.

**A.     Listings of Impairments:**

The burden of proof is on the Plaintiff to establish that her impairment meets or equals

a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990).

To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110

S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely,

does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004).  "Medical

equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493

U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for

the one most similar listed impairment").

The Court finds, based upon the record as a whole, as well as the well-stated reasons

outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was

-4-

sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there

is sufficient evidence to support the ALJ's determination that Plaintiff did not meet a Listing.

### B.    Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a

claimant's impairments are severe. See 20 C .F.R. § 404.1520(c).  To be severe, an impairment

only needs to have more than a minimal impact on a claimant's ability to perform work-related

activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test

so the claimant's burden is minimal and does not require a showing that the impairment is

disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987).   The claimant,

however, has the burden of proof of showing she suffers from a medically-severe impairment

at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ improperly found Plaintiff's alleged depression to be a non-

severe impairment.  While the ALJ did not find Plaintiff's alleged depression to be severe, the

ALJ specifically discussed this alleged impairment in the decision, and clearly stated that he

considered all of Plaintiff's impairments, including the impairments that were found to be non-

severe.  (Tr. 14).  See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ

finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all

alleged impairments, any error in failing to identify particular impairment as "severe" at step two

is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20

C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically

determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ

-5-

must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

Based on the foregoing, the ALJ's not finding that Plaintiff's alleged depression to be a severe impairments does not constitute reversible error.

### C.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  The Court further notes that in determining Plaintiff could perform light work, the ALJ specifically discussed the relevant medical records, and the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight

AO72A
(Rev. 8/82)

given to the opinions. The ALJ noted that in April and May of 2009, Dr. Elton Strecker approved continuing Plaintiff's medical leave of absence from work upon Plaintiff's request for four weeks, but that Dr. Strecker did not indicate that Plaintiff had any specific limitations. (Tr. 20, 198, 200). The medical evidence further revealed that Dr. Charles Smith noted in May of 2010, that Plaintiff ambulated without difficulty, that she had a steady gait and adequate joint function, and that Plaintiff denied pain. (Tr. 264). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

###### D.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the relevant time period, Plaintiff was able to perform household chores, to take care of her personal

AO72A
(Rev. 8/82)

needs, to shop for groceries, to read and watch television, to play cards, to walk and drive, and to spend time with others and go to church.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record also revealed that Plaintiff was able to come up with the funds to support her smoking habit during the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### E.      Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

1. The actual functional demands and job duties of a particular past relevant job; *or*

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who testified that Plaintiff's past relevant work as a customer service representative, an adult aide teacher, and a learning resource center media clerk were light and sedentary work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the ALJ properly concluded Plaintiff could perform her past relevant work as a customer service representative, an adult aide teacher, and a learning resource center media clerk.

**F.      Fully and Fairly Develop the Record:**

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop

-9-

record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.   The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

Dated this 13th day of August, 2013.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-